# NO. 12-18-00337-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIGUEL WILLIAMS, SR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Miguel Williams, Sr., appeals his three convictions for indecency with a child by contact. In his sole issue on appeal, Appellant argues that the trial court abused its discretion in admitting outcry hearsay evidence. We affirm.

## BACKGROUND

Appellant was indicted for continuous sexual abuse of a child. He pleaded "not guilty" to the offense and the matter proceeded to a jury trial. During the ensuing trial, the State abandoned the continuous sexual abuse charge because the victim was fifteen years old at the time of the offenses.[1] Instead, the State pursued three counts of the lesser-included offense of indecency with a child by contact.[2]

At trial, the State offered testimony from the victim's mother and the forensic interviewer who interviewed the victim, along with the video interview. The trial court admitted the evidence over Appellant's objections. The victim testified concerning the abuse, alleging that Appellant

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b)(2) (West 2019) (requiring that child must be younger than fourteen years of age at time of each act of sexual abuse to support continuous sexual abuse of a young child offense).

[2] *See* Tex. PENAL CODE ANN. § 21.11(a)(1), (c)(1) (West 2019); *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011) (holding indecency with a child is lesser-included offense of continuous sexual abuse of child).

touched the victim's genitals on three occasions under circumstances indicating that Appellant intended to gratify his sexual desire. The victim's three adult brothers testified that they also suffered from sexual abuse by Appellant when they were children and teenagers.[3]

The jury convicted Appellant of all three counts of indecency with a child by contact. After a punishment hearing, the jury assessed twenty years of imprisonment and a $10,000 fine on each offense. In its judgment, the trial court ordered that Appellant consecutively serve those sentences. This appeal followed.

## OUTCRY TESTIMONY

In his sole issue, Appellant contends that the statute authorizing hearsay outcry statements does not apply because the victim was fourteen years of age or older at the time of the offenses, and therefore the trial court abused its discretion in admitting the outcry evidence.

### Standard of Review and Applicable Law

Hearsay is an out-of-court statement offered for the truth of the matter asserted, and is generally inadmissible unless a statute, the rules of evidence, or other rules prescribed under statutory authority provide otherwise. *See* TEX. R. EVID. 801, 802; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). Texas Code of Criminal Procedure Article 38.072 allows the admission of a hearsay statement made to an outcry witness by certain abuse victims, including children under the age of fourteen who are victims of a sexual offense. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2019); *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). The provisions of Article 38.072 are mandatory. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). We review a trial court's admission of outcry testimony under Article 38.072 for an abuse of discretion. *Lamerand v. State*, 540 S.W.3d 252, 258 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd).

The erroneous admission of evidence is nonconstitutional error. *Sandoval v. State*, 409 S.W.3d 259, 287–88 (Tex. App.–Austin 2013, no pet.); *Kirby v. State*, 208 S.W.3d 568, 574 (Tex. App.–Austin 2006, no pet.); *see Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007); *see also Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.–Houston [14th Dist.] 2007, no pet.)

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, §2(a)(1)(C), (b) (West 2018) (authorizing admission of extraneous offense evidence for any relevant purpose, including character conformity, for certain offenses such as indecency with a child).

(erroneous admission of outcry testimony). Nonconstitutional error requires reversal only if it affects the substantial rights of the accused. *See* TEX. R. APP. P. 44.2(b); ***Barshaw v. State***, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). We will not overturn a criminal conviction for nonconstitutional error if, after examining the record as a whole, we have fair assurance the error did not influence the jury or influenced the jury only slightly. ***Barshaw***, 342 S.W.3d at 93; ***Kirby***, 208 S.W.3d at 574. Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove. *See **Anderson v. State***, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).

**Discussion**

In relevant part, the outcry statute applies only in cases where the child victim is younger than fourteen years of age. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 1. Appellant contends, and we agree the record reflects, that the victim was fifteen at the time of the alleged acts of abuse, rendering the statute inapplicable. The parties were evidently aware of this fact because the State abandoned the continuous sexual abuse offense, which also requires that the victim be under the age of fourteen. The State responds that Appellant failed to preserve error for our consideration of this issue, and that in any event, any error in admitting the outcry evidence is harmless.

When the State offered testimony from the victim's mother concerning the outcry, Appellant objected generally to "hearsay" and the State responded that she was a proper outcry witness. The trial court overruled the objection. With regard to the forensic interviewer's testimony and the video interview evidence, the following exchange took place:

> [DEFENSE COUNSEL]: Judge, I would object to hearsay. It's clearly not an excited utterance. It's weeks after the initial outcry. I don't think there's any exception to the hearsay rule that would allow it.
>
> THE COURT: The objection is overruled. State's 2 [forensic interview video] is admitted.
>
> (State's Exhibit No. 2 was offered and received)
>
> [PROSECUTOR]: For the record, the exception to hearsay rule we're doing is it was filed [as] a notice of outcry of under -- the Code of Criminal Procedure, under the rules for outcry witnesses of a child, we've filed this. Are you requesting anything under that?
>
> [DEFENSE COUNSEL]: No.
>
> [PROSECUTOR]: So, that's how we're saying it's admissible, Your Honor.
>
> THE COURT: Okay. State's 2 is admitted.

Generally, an objection that a statement is "hearsay" will be considered sufficient to have apprised the trial court of a defendant's complaint that one or more of the requirements of Article 38.072 have not been met. *Long*, 800 S.W.2d at 548. Appellant arguably preserved error with regard to the testimony of the victim's mother, but not with respect to the forensic interviewer's testimony and the video interview due to his counsel's disclaimer. *See id.*

Even assuming Appellant preserved error, we conclude that Appellant was not harmed by any of the outcry evidence. The testimony of the victim's mother was brief and contained only the basic accusation that Appellant told the victim to remove his clothing. The forensic interviewer's testimony and the video contained more detail concerning the nature of the allegations. However, the victim testified at trial, without objection, concerning the acts of abuse in considerable detail. Furthermore, Appellant's counsel cross-examined the victim, testing his consistency in describing the details of the abuse, such as the time and place where the abuse occurred, as well as whether the victim had any bias or motives to fabricate the allegations. The testimony of a child victim alone is sufficient to support convictions for the alleged offenses here. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2018); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

Moreover, as we previously stated, any error in admitting outcry testimony is generally harmless when the same or similar evidence is admitted without objection at another point in the trial, such as in the present case when the victim provides detailed trial testimony of the abuse. *See Lamerand*, 540 S.W.3d at 259–60 (holding that any error in admitting outcry testimony under Article 38.072 was harmless when child testified at trial to same facts contained in outcry); *see also West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd) (same). Finally, three of the victim's adult brothers also testified Appellant committed similar acts of sexual abuse against them when they were children and teenagers. In fact, the brothers' disclosures to each other that they suffered abuse when they were younger led to the discovery of the victim's abuse in this case. In this particular case, such extraneous offense evidence was admissible for any relevant purpose including character conformity evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); *Baez v. State*, 486 S.W.3d 592, 598-99 (Tex. App.—San Antonio 2016, pet. ref'd). Accordingly, even though the outcry evidence should not have been admitted under Article 38.072,

we have fair assurance that it did not influence the verdict or had but slight effect.  *See **Barshaw***, 342 S.W.3d at 93; *See **Lamerand***, 540 S.W.3d at 259–60; *see also **West***, 121 S.W.3d at 105.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered January 15, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 15, 2020**

**NO. 12-18-00337-CR**

**MIGUEL WILLIAMS, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-17-33293)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*